IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OMAR HERRERA-LOPEZ,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Case No. 2:15-cv-01188-MO

OPINION AND ORDER

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court Robbery, Assault, and Kidnapping convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On June 1, 2004, petitioner assaulted a 15-year-old girl whom he believed had "ratted out" one of his friends. Over the course of several hours, petitioner hit the victim with brass knuckles, strangled her, stabbed her with a knife in the leg three times, confined her to a closet, and threatened to kill her. Respondent's Exhibits 119 & 120. As a result, the Marion County Grand Jury indicted petitioner on two counts of Kidnapping in the First Degree, and one count of Assault in the Second Degree. Respondent's Exhibit 104.

On June 9, 2004, petitioner and two of his friends robbed two Gervais men at gunpoint and left them stranded in the countryside. Respondent's Exhibits 122 & 123. Based upon this incident, the Marion County Grand Jury indicted petitioner on two counts of Robbery in the First Degree and two counts of Kidnapping in the Second Degree. Respondent's Exhibit 105.

On July 9, 2004, petitioner entered into plea agreements in both cases. In the case involving the assault of the 15-year-old girl, the State agreed to dismiss one count of Kidnapping I in exchange for petitioner's guilty plea to the other Kidnapping I

charge as well as the Assault II charge. Respondent's Exhibit 107. The parties agreed that sentencing would be open. *Id.*

In the case involving the robbery of the Gervais men, petitioner agreed to plead guilty to an Amended Indictment that included two reduced counts of Robbery II. In exchange, the State dismissed the two charges of Kidnapping II. Once again, the parties to an open sentencing proceeding. Respondent's Exhibit 106.

The trial court engaged in a colloquy with petitioner before taking his plea, and ultimately imposed mandatory minimum sentences on each conviction as follows: 90 months for Kidnapping I, 70 months for Assault II, and 70 months on each of the Robbery II convictions. Defense counsel asked the court to run only the Kidnapping I and one Robbery II count consecutively for a total sentence of 160 months, whereas the State asked that all convictions run consecutively for a total sentence of 300 months. The court imposed the State's requested sentence. Respondent's Exhibit 108, pp. 18-20.

Petitioner took a direct appeal challenging the imposition of consecutive sentences on the Assault and Kidnapping convictions. The Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Herrera-Lopez*, 204 Or. App. 188, 129 P.3d 238, rev. *denied*, 341 Or. 140, 139 P.3d 258 (2006).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where he argued that his trial attorney failed to adequately advise him leading up to the entry of his plea such

3 – OPINION AND ORDER

that his plea was neither knowing or voluntary. Respondent's Exhibit 116. The PCR court denied relief. Respondent's Exhibit 137. The Oregon Court of Appeals, affirmed the PCR court without opinion, and the Oregon Supreme Court denied review. *Herrera-Lopez v. Premo,* 268 Or. App. 717, 344 P.3d 567, *rev. denied,* 357 Or. 299, 353 P.3d 594 (2015).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on June 26, 2015 raising five grounds for relief. Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to fairly present four of his five grounds for relief, leaving them procedurally defaulted; and (2) the PCR court reasonably applied clearly established federal law when it denied petitioner's remaining ground for relief.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

4 - OPINION AND ORDER

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id*.

## II. Unargued Claims

As previously noted, petitioner raises five claims in his Petition. In his supporting memorandum, however, he chooses to brief whether his trial attorney was constitutionally ineffective when he failed to advise petitioner before recommending that he enter into a plea agreement that did not limit his sentencing exposure. This claim corresponds to Ground Two of his Petition.

5 - OPINION AND ORDER

Petitioner does not argue the merits of his remaining claims, nor does he address respondent's argument that these claims are procedurally defaulted and therefore ineligible for federal habeas corpus review. As such, petitioner has not carried his burden of proof with respect to these unargued claims. See *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). Even if petitioner had briefed the merits of these claims, the court has examined them based upon the existing record and determined that they do not entitle him to relief.

### III. Ground Two: Ineffective Assistance of Counsel

As Ground Two, petitioner contends defense counsel should have spent more time preparing his defense and meeting with him so as to fully and effectively advise him regarding whether to proceed to trial or accept an offer to plead guilty with open sentencing. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

During petitioner's PCR proceedings, he claimed that defense counsel advised him that if he accepted the State's plea offer, he would receive a sentence of only 13 years, whereas he faced a 60-year term if he proceeded to trial. Respondent's Exhibit 136. Defense counsel submitted an Affidavit for consideration during petitioner's PCR action in which he asserted: "I never would have told [petitioner] that he would only get 160 months if he plead[ed] guilty. I may have told [him] that I though[t] he likely would get 160 months but I would not have said that is what his sentence would be." Respondent's Exhibit 133, p. 3.

The PCR court ruled as follows:

> As I indicated, I've read this entire file. I'm denying post-conviction relief. The

7 - OPINION AND ORDER

> findings will be basically the following: this Court does not believe that the attorney promised 160 months. This was a negotiated [that] was open sentencing. It stated in the plea petition and on the record. Petitioner's 15 shows there was a breakdown done for the sentences. I think it most likely that the attorney told the client that 160 was the minimum possible, and obviously would be a nice goal, but I do not believe the attorney promised that that was going to happen.
>
> The impetus for the plea has something to do with the charging reductions, the sentencing was still open sentencing was a significant potential maximum.
>
> The Petitioner pled to Robbery II, so it was sufficient if Petitioner purported to have a gun, and of course he was arrested with a gun and told his lawyer he had a gun. So he didn't have to point it at anybody for the Rob II. I believe that the attorney did discuss the facts of the case and the evidence for trial. He did discuss and give Petitioner discovery.
>
> Based on Petitioner's statement, he never pointed the gun. He got a reduction to Rob II. The original plea that was requested was a Rob – is Rob Is. The case proceeded quickly, but there is insufficient proof that the representation in any way was inadequate and I find no prejudice. I find the plea was knowing and voluntary.

Respondent's Exhibit 136, pp. 23-24.

The PCR court's factual findings, including its credibility determination that counsel did not promise petitioner he would receive only 160 months in prison if he pled guilty, are entitled to a presumption of correctness. See 28 U.S.C. § 2254(e)(1). Petitioner has not overcome that presumption as to any of the PCR court's factual findings by clear and convincing evidence.

8 – OPINION AND ORDER

Petitioner nevertheless argues that counsel failed to adequately research and investigate the case, resulting in an invalid guilty plea. He first asserts that no property was taken from one of the Gervais victims, thus he could not have been convicted of Robbery II involving that victim. The record reveals that petitioner and his friends deprived both victims of their possessions when they "took their keys, wallet, watch, cell phone, and money." Respondent's Exhibit 122, p. 5. Even if this were not the case, the failure to deprive one particular victim of property during a robbery in Oregon does not necessarily absolve a defendant from a robbery conviction as to that victim. *State v. Hamilton*, 348 Or. 371, 378 (2010) (a victim of robbery need not be the owner or possessor of the property sought by the assailant).

Petitioner also contends that although the State dismissed the two Kidnapping II charges in relation to the Gervais men as part of the plea deal, this was of no practical benefit to him where those convictions would have merged with his Robbery II convictions under Oregon law. Pursuant to ORS 161.067(1), where the same conduct "violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." Robbery II and Kidnapping II require proof of distinct elements, thus they would not have merged by operation of law. *Compare* ORS 163.225 (Kidnapping II) and ORS 164.405 (Robbery II).

9 - OPINION AND ORDER

Based upon the foregoing, petitioner has not established that counsel's performance fell below an objective standard of reasonableness. Accordingly, the PCR court's decision denying relief on petitioner's ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 18 day of October, 2016.

                                    _____
                                    Michael W. Mosman
                                    United States District Judge

10 - OPINION AND ORDER